UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.,** a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>**NAUTILUS, INC**., a Washington Corporation<br><br>Defendant. | Case No. 2:19-cv-00412<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ICON Health & Fitness, Inc. hereby claims against defendant Nautilus, Inc., for the claims for relief alleged as follows:

## THE PARTIES

1. ICON is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 1500 South 1000 West, Logan, Utah, 84321.

2. Nautilus is a Washington corporation with its headquarters and principal place of business located at 17750 SE 6th Way, Vancouver, Washington 98683.

COMPLAINT FOR PATENT INFRINGEMENT                    MASCHOFF BRENNAN
                                                     100 SPECTRUM CENTER DR. STE. 1200
                                                     IRVINE, CA 92618
                                                     (949)-202-1900

1

## JURISDICTION AND VENUE

3. This is a civil action arising under the patent laws of the United Sates, including but not limited to 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Nautilus because Nautilus has purposely availed itself of the privileges and benefits of the laws of the State of Washington, is regularly doing business in this judicial intradistrict, and has committed acts of patent infringement within the judicial intradistrict.

6. ICON alleges that Nautilus has made, used, sold, and offered for sale of infringing goods within the State of Washington and this judicial intradistrict, to ICON's injury, which relate to the claims asserted by ICON, and out of which ICON's claims, in part, arise.

7. Venue is proper in this judicial intradistrict pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

### ICON's Patent Portfolio

8. ICON is a technological leader in the field of exercise equipment, and markets and sells a variety of exercise related products. This includes ICON's innovative magnetic-resistance cable machines for cardio-strength training and exercise.

9. ICON maintains its position as one of the top innovators in the fitness industry by making substantial investments in the research, development, and acquisition of cutting-edge technologies. Many of ICON's technological innovations, including ICON's magnetic-resistance cable machines for cardio-strength training and exercise, are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.

1    10.    ICON's magnetic-resistance cable machines for cardio-strength training and
2 exercise are protected by, *inter alia*, utility patents, including United States Patent No. 9,403,047
3 and United States Patent No. 10,188,890 (collectively "Asserted Patents"). The '047 Patent
4 and '890 Patent are attached as Exhibits 1 and 2 to the Complaint, respectively.

   11.    ICON is the owner by assignment of all rights in and to the Asserted Patents.

   12.    An exemplary figure of the Asserted Patents is depicted below:



   13.    The '047 Patent issued on August 2, 2016, from United States Application No.
14/582,493, filed on December 24, 2014, and claims priority to U.S. Provisional Patent
Application No. 61/920,834, filed on December 26, 2013.

COMPLAINT FOR PATENT INFRINGEMENT                MASCHOFF BRENNAN
                                                 100 SPECTRUM CENTER DR. STE. 1200
                                                 IRVINE, CA 92618
                                                 (949)-202-1900

14. The '890 Patent issued on January 29, 2019, from United States Application No. 15/976,496, filed on May 10, 2018, and claims priority to U.S. Provisional Patent Application No. 61/920,834, filed on December 26, 2013. The '890 Patent is a continuation of the '047 Patent.

15. ICON has not licensed Nautilus to practice the Asserted Patents and Nautilus has no right or authority to license others to practice the Asserted Patents.

**Nautilus's Infringing Product**

16. Nautilus imports, manufactures, sells, and distributes cable exercise machines under the names of Bowflex HVT and Bowflex HVT+. An example of Nautilus's infringing cable exercise machine is depicted below:



COMPLAINT FOR PATENT INFRINGEMENT

MASCHOFF BRENNAN
100 SPECTRUM CENTER DR. STE. 1200
IRVINE, CA 92618
(949)-202-1900

17. On information and belief, the sole difference between the Bowflex HVT and Bowflex HVT+ is the inclusion of a personal tablet on the HVT+. Besides this, the two machines are identical.

## FIRST CLAIM FOR RELIEF

### Infringement of the '047 Patent

18. By reference, ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

19. Nautilus has infringed and continues to infringe one or more claims of the '047 Patent by making, using, selling, offering for sale, and importing into the United States products, systems, or services, including but not limited to the Bowflex HVT and Bowflex HVT +, which embody and incorporate structures corresponding to one or more claims of the '047 Patent.

20. On information and belief, the Bowflex HVT and Bowflex HVT+ infringe at least claims 6–10, and 14–18 of the '047 Patent.

21. The conduct of Nautilus as set forth hereinabove gives rise to a claim for relief for infringement of the '047 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

22. Nautilus has sold infringing products, such as the Bowflex HVT and Bowflex HVT+, with knowledge of the '047 Patent and despite an objectively high likelihood that its actions constitute infringement.

23. Nautilus's acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Nautilus's wrongful acts in an amount subject to proof at trial.

24. Nautilus's infringement of the '047 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

25. By reason of the foregoing, ICON is entitled to relief against Nautilus, pursuant to at least 35 U.S.C. §§ 283–85.

## SECOND CLAIM FOR RELIEF

### Infringement of the '890 Patent

26. By reference, ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

27. Nautilus has infringed and continues to infringe one or more claims of the '890 Patent by making, using, selling, offering for sale, and importing into the United States products, systems, or services, including but not limited to the Bowflex HVT and Bowflex HVT +, which embody and incorporate structures corresponding to one or more claims of the '890 Patent.

28. On information and belief, the Bowflex HVT and Bowflex HVT+ infringe claims 1–20 of the '890 Patent.

29. The conduct of Nautilus as set forth hereinabove gives rise to a cause of action for infringement of the '890 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281, *et seq.*

30. Nautilus has sold infringing products, such as the Bowflex HVT and Bowflex HVT+, despite an objectively high likelihood that its actions constitute infringement. Upon information and belief, Nautilus has known of the '890 Patent since on or about the date it was issued by the Patent and Trademark Office.

31. Nautilus's acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Nautilus's wrongful acts in an amount subject to proof at trial.

32. Nautilus's infringement of the '890 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

33. By reason of the foregoing, ICON is entitled to relief against Nautilus, pursuant to at least 35 U.S.C. §§ 283–85.

**PRAYER FOR RELIEF**

WHEREFORE, ICON prays for judgment against Nautilus as follows:

A. A judgment finding Nautilus liable for infringement of one or more of the claims of the Asserted Patents;

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Nautilus, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any claim of the Asserted Patents, pursuant to at least 35 U.S.C. § 283;

C. An award of damages to ICON for infringement of the Asserted Patents, in an amount to be proved at trial, pursuant to all applicable law, including at least 35 U.S.C. § 284;

D. An award of treble damages to ICON, pursuant to all applicable law, including at least 35 U.S.C. § 284;

E. A declaration that this case is an exceptional case;

F. An award of ICON's costs in bringing this action, pursuant to all applicable law, including at least 35 U.S.C. § 284;

G. An award of ICON's attorneys' fees in this action, pursuant to all applicable law, including at least 35 U.S.C. § 285;

H. Imposition of a constructive trust on, and an order requiring a full accounting of, the sales made by Nautilus as a result of its wrongful or infringing acts alleged herein;

I. Pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

J. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

K. An award of any other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY**

ICON demands TRIAL BY JURY for all causes and issues so triable.

DATED: March 21, 2019        Respectfully submitted,

By: */s/ Inge Larish*, WSBA No. 34954

Inge Larish
MASCHOFF BRENNAN
100 Spectrum Center Dr. Ste. 1200
Irvine, CA 92618
(949)-202-1900

Charles S. Barquist
(*pro hac vice forthcoming*)
MASCHOFF BRENNAN
300 South Grand Ave., Suite 1400
Los Angeles, California 90071
(949) 202-1900